320 F.2d 795
 IMMACULATE CONCEPTION CHURCH OF LOS ANGELES and Lake Congregational Church of Pasadena, Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
ELEVEN TEN BROADCASTING CORPORATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 17239.
 No. 17240.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 25, 1963.
 Decided July 5, 1963.
 
 Mr. Harry P. Warner, Hollywood, Cal., submitted on the brief for appellants in No. 17239.
 Mr. Harold David Cohen, Washington, D. C., with whom Messrs. Thomas N. Dowd and John R. Schmertz, Jr., Washington, D. C., were on the brief, for appellant in No. 17240.
 Mr. Ernest O. Eisenberg, Counsel, F. C. C., with whom Messrs. Max D. Paglin, Gen. Counsel, Daniel R. Ohlbaum, Associate Gen. Counsel, and Mrs. Ruth V. Reel, Counsel, F. C. C., were on the brief, for appellee.
 Before BAZELON, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eleven Ten's application for renewal of Station KRLA's broadcast license was denied by the Federal Communications Commission on March 19, 1962. In re Eleven Ten Broadcasting Corp., 32 F.C.C. 706, 22 R.R. 699. By orders of July 24, 1962, the Commission denied the licensee's petition for reconsideration, as well as petitions for reconsideration and rehearing filed by two Southern California churches pursuant to § 405 of the Communications Act of 1934, as amended, 75 Stat. 421 (1961), 47 U.S.C. § 405 (Supp. IV, 1963). 33 F.C.C. 92, 22 R.R. 702n. Eleven Ten and the churches appeal under § 402(b) of the Act, 66 Stat. 718 (1952), 47 U.S.C. § 402(b).
 
 
 2
 The events leading to denial of KRLA's renewal application may be summarized as follows: On October 22, 1958, Eleven Ten applied for Commission consent to the assignment to it of the broadcast license and construction permit (for increased power) of Station KXLA (later changed to KRLA), Pasadena, California. On the strength of various representations as to programming and other matters, the Commission approved the assignment, and Eleven Ten assumed control. Thereafter KRLA filed an application for renewal of license, as prescribed by 47 C.F.R. § 3.34. On July 5, 1960, the Commission, finding that "no questions exist as to the qualifications of the applicant" except as to four factual issues,[1] designated KRLA's application for hearing.
 
 
 3
 Pursuant to the designation order, evidence was received on the following issues:
 
 
 4
 1. [W]hether, in light of its operations since it acquired Station KRLA, the licensee's program proposals contained in its application for Commission consent to assignment of the license of Station KRLA were made in good faith;
 
 
 5
 2. [W]hether, in light of the manner in which the "Find Perry Allen" contest was conducted by Station KRLA in and about September, 1959, the licensee operated said station for improper purposes contrary to the public interest;
 
 
 6
 3. [W]hether the station's program logs for the week of October 18-24, 1959, were altered with the intent and purpose of deceiving the Commission; and
 
 
 7
 4. [W]hether, since the date of assignment of license of Station KRLA * * * to the licensee, Jack K. Cooke, a Canadian citizen, has exercised control with respect to the operations of said station contrary to the provisions of Section 310 of the Communications Act of 1934, as amended, and the Commission's rules and policies promulgated thereunder.[2]
 
 
 8
 The examiners found that KRLA's proposals were made in good faith, that conduct of the "Find Perry Allen" contest (and a similar "Golden Key" contest) resulted in the use of licensed facilities for improper purposes contrary to the public interest, and that the station's program logs were altered by KRLA's general manager in order to deceive the Commission. The examiners recommended a short-term renewal of KRLA's license.
 
 
 9
 The Commission, reweighing the evidence, found that KRLA's program proposals had not been made in good faith and that alteration of the station's program logs should be imputed to Donald Cooke, the owner of KRLA. The Commission refused to consider alleged "meritorious programming efforts by KRLA after the Commission had made it clear to the licensee that renewal of its license was in doubt" as being an unreliable measure of Eleven Ten as a licensee. 33 F.C.C. at ___, 22 R.R. at 702t.
 
 
 10
 KRLA contends that the Commission relied on matters "outside the specific issues under which the hearing was held," thereby depriving it of a fair and full hearing as required by statute and the Fifth Amendment to the Constitution. We read the Commission's decision as founded on the "conclusions that Donald Cooke is guilty of efforts to mislead the Commission" and that his willingness to deceive the Commission warrants denial of KRLA's renewal application. The facts marshalled in support of the Commission's ultimate factual conclusion are fairly encompassed within the first and third issues and constitute substantial evidence of record in support of that conclusion. The Commission's disqualification of Eleven Ten is within the discretion committed by Congress to the Commission. Federal Communications Comm. v. WOKO, Inc., 329 U.S. 223, 227-229, 67 S.Ct. 213, 91 L.Ed. 204 (1946); Hall v. Federal Communications Comm. 99 U.S.App.D.C. 86, 94-96, 237 F.2d 567, 575-577 (1956); Charles P. B. Pinson, Inc. v. Federal Communications Comm'n, 116 U.S.App.D.C. ___, 321 F.2d 372 (1963).
 
 
 11
 Appellants[3] contend that the Commission erred in failing to make findings as to KRLA's public service programming and to consider the public service rendered by KRLA in determining whether or not KRLA's license should be renewed. The Commission need not consider the public service rendered by a station where the licensee is disqualified by its attempts to deceive the Commission. Federal Communications Comm. v. WOKO, Inc., supra; Independent Broadcasting Co. v. Federal Communications Comm., 89 U.S.App.D.C. 396, 193 F.2d 900 (1951), cert. denied, 344 U.S. 837, 73 S.Ct. 14, 97 L.Ed. 652 (1952).
 
 The decision of the Commission will be
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 A fifth issue merely directed the examiner "to determine, in light of the evidence adduced pursuant to the foregoing issues, whether a grant of the above-entitled applications would serve the public interest, convenience or necessity."
 
 
 [2]
 The alien control issue was resolved in favor of KRLA
 
 
 [3]
 Since the two appeals have been consolidated and since the churches' appeal presents no additional issues for our decision, we do not think it necessary to decide whether or not the churches have standing by reason of KRLA's broadcasting their Sunday services without charge